KEB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ralph Edward Jones,

Petitioner,

v.

Ryan Thornell, et al.,

Respondents.

No.   CV-26-08047-PHX-JAT (MTM)

**ORDER**

Petitioner Ralph Edward Jones, who is confined in the Arizona State Prison Complex-Tucson, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), an Application for Leave to Proceed In Forma Pauperis (Doc. 2), and a Motion to Stay (Doc. 5).  The Court will grant the Application and require a response to the Motion and an answer to the Petition.

**I.      Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s.  See* LRCiv 3.5(c).

**II.     Petition**

Petitioner was convicted in Mohave County Superior Court, case #CR-2022-00845, of one count each of possession of narcotic drugs and possession of drug paraphernalia, and two counts each of disorderly conduct involving weapons and misconduct involving weapons.  He was sentenced to a 17-year term of imprisonment.  In his Petition, Petitioner

TERMPSREF

names Arizona Department of Corrections, Rehabilitation and Re-entry Director Ryan Thornell and Arizona Attorney General Kris Mayes as Respondents.

Petitioner raises four grounds for relief. In Ground One, he asserts that the state court violated his due process rights under the Fifth, Sixth, and Fourteenth Amendments. In Ground Two, Petitioner raises a claim for insufficiency of evidence in violation of his due process rights. In Ground Three, he asserts a claim for insufficiency of evidence to support his conviction for misconduct involving weapons. Finally, in Ground Four, Petitioner brings a claim for ineffective assistance of counsel.

The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**III.    Motion to Stay**

In the Petition, Petitioner includes claims that he raised in his pending petition for post-conviction relief in the Arizona Court of Appeals. In his Motion to Stay, Petitioner asks the Court to stay these proceedings and hold them in abeyance pending exhaustion of his successive petition for post-conviction relief in the Arizona Court of Appeals.

Because the Court of Appeals has not yet ruled on Petitioner's petition for post-conviction relief, Petitioner's additional claims may be unexhausted and he may be asserting both unexhausted and exhausted claims in his Petition, i.e., a "mixed" petition. In *Henderson v. Johnson*, 710 F.3d 872, 873-74 (9th Cir. 2013), the Ninth Circuit Court of Appeals held that the district court erred as a matter of law when it dismissed a habeas petition without offering the petitioner leave to amend to delete unexhausted claims, which were raised in the petitioner's concurrent state petition. In relevant part, the court stated that:

> Although district courts cannot adjudicate mixed petitions, *Sherwood* [*v. Tomkins*, 716 F.2d 632 (9th Cir. 1983),] does not undermine the important precedent requiring district courts first to grant leave to amend and, *if requested*, to consider a petitioner's eligibility for a stay under *Rhines* [*v. Weber*, 544 U.S. 269, 275-77 (2005)] (stay of entire petition), or under *Kelly* [*v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003)] (stay of exhausted claims only). The district court erred by failing to allow Henderson leave to amend her petition before dismissal, and by refusing to address Henderson's request

for relief under *Rhines* or *Kelly*.

710 F.3d at 874 (emphasis added).

Prior to any appearance by Respondents, a determination as to whether the Petition is mixed or whether Petitioner should be afforded leave to amend to delete any unexhausted claims or to request a stay, is premature. Accordingly, the Court will order service of the Petition and Motion to Stay on Respondents. Within 40 days of the date of service, Respondents must file a response to the Motion to Stay. If Respondents oppose the Motion, Respondents must also file an answer to the Petition. If Respondents do not oppose the Motion, Respondents must not answer the Petition until the Court orders Respondents to do so.

## IV.   Warnings

### A.   Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Because Petitioner is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Petitioner can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Petitioner files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Petitioner is not required to serve Respondents with copies of every document or provide an additional copy of every document for the Court's use.

**If** Petitioner is transferred to a facility other than one subject to General Order 23-19, Petitioner will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document Petitioner files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for

use by the Court.  *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.    Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    The Clerk of Court must serve a copy of the Petition (Doc. 1), the Motion to Stay (Doc. 5), and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition, the Motion to Stay, and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within two (2) business days, the Attorney General's Office will acknowledge receipt of the Petition, Motion to Stay, and the Court's Order and within five (5) business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(3)    Respondents must file a **response** to the Motion to Stay within **40 days** of the date of service.

(4)    If Respondents **do not oppose** the Motion to Stay, Respondents **must not** answer the Petition until directed to do so by the Court.

(5)    If Respondents **do oppose** the Motion to Stay, Respondents must also answer the Petition within **40 days** of the date of service.  Respondents must not file a dispositive

motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(6)    Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(7)    Petitioner may file a reply within **30 days** from the date of service of the answer to the Petition and response to the Motion.

(8)    This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 11th day of June, 2026.

_____
James A. Teilborg
Senior United States District Judge